IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JERRY DISMUKES,

    Petitioner,

v.           CIVIL ACTION NO.  2:12-cv-00680
               (Criminal No. 2:09-cr-00214)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

  Movant Jerry Dismukes, acting pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 142].   By Standing Order entered September 2, 2010, and filed in this case on March 12, 2012, this case was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R").   On July 31, 2012, Magistrate Judge Stanley issued a PF&R recommending that the Court deny Movant's motion (ECF 149).

  The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, failure to file timely objections constitutes a waiver of de novo review and Movant's right to appeal this Court's Order.   *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   In addition, this Court need not conduct a de

novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge Stanley's PF&R were due on August 17, 2012. Movant filed timely objections on August 14, 2012 (ECF 150). On November 27, 2013, Movant filed a document styled "Addendum to and/or Motion to Amend 28 U.S.C. 2255 Motion to Vacate." (ECF 152). The Court will construe this filing as a timely supplement to his objections to the PF&R.

Movant's preliminary objections are contained in a two-page filing titled "Response to Magistrate Judge Proposed Findings and Recommendation." The filing, construed liberally, does not assign any specific claim of error to the PF&R and, in fact, aside from the filing's heading, does not even reference the PF&R. Rather, Movant cites six federal cases and, after each citation, makes brief conclusory statements.

Movant first cites *Herrera v. Collins*, 506 U.S. 390 (1993) for the proposition that he "is simply entitled to habeas relief" and that any procedural error should be excused so that he may "bring an independent constitutional claim challenging the insufficiency of evidence/and the elements of the 'distribution' count." (ECF 150 at 1.) Movant cites *Jackson v. Virginia*, 443 U.S. 307 (1979) in support of his argument that where a conviction is based on "no evidence" the offense charged is unconstitutional. (*Id.* at 2.) He cites *Sawyer v. Whitley*, 505 U.S. 333 (1992) for the view that a federal court may "hear the merits of a procedurally defaulted claim" even if the cause and prejudice standard "has not been met" if the court's failure to hear such a claim would result in a miscarriage of justice. (*Id.* at 1–2.)

2

The Court finds no merit in Movant's argument that his attorney's failure to challenge on direct appeal the sufficiency of the United States' evidence and "the elements of the 'distribution count'" should be excused under the actual innocence exception to procedural default.[1] It is well-settled that a Section 2255 motion is not an alternative to filing a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). "Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477, n.10 (1976). Constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a Section 2255 motion, unless the movant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error; or (2) that a miscarriage of justice would occur if the court refuses to entertain the collateral attack. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). The existence of "cause" for a procedural default "must turn on something external, such as the novelty of the claim or the denial of the effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493. To establish cause for a default based upon ineffective assistance of counsel, a movant must show that his attorneys' performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Id.* To establish "actual prejudice," the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). To demonstrate a miscarriage of justice, the movant must prove "actual innocence" of the crime

---

[1] Although Movant does not explicitly couch this argument in terms of ineffective assistance of counsel, the Court will liberally construe it as such.

for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Movant concedes that he has procedurally defaulted his constitutional claim that his counsel provided ineffective assistance of counsel in failing to raise in the direct appeal a challenge to the factual and legal basis to support the guilty plea. Thus, it is his burden to show: (1) that his attorney's failure to raise this issue was an objectively unreasonable decision and, if so, that as a consequence of that decision, Movant suffered an actual and substantial disadvantage; or (2) that he is actually innocent of the crime for which he was convicted and that it is more likely than not that a jury would not have convicted him had there been a trial.

Movant fails to demonstrate that his attorney's failure to challenge on direct appeal the factual and legal basis to support the guilty plea was objectively unreasonable. It is well-settled that once a trial court conducts a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure and finds the guilty plea was entered knowingly and voluntarily, the validity of the guilty plea is deemed conclusively established absent compelling circumstances. *Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981). A defendant's statements and guilty plea "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant's solemn declarations in open court carry a strong presumption of verity. *Id.* At his guilty plea hearing, Movant stated under oath and after careful and patient inquiry of the Court that he agreed with all of the facts contained in the parties' written Stipulation of Facts. (*See* Apr. 7, 2010 Transcript of Guilty Plea Hearing, ECF 68 at 14.) The Stipulation of Facts is a simple, straight-forward, one-page

4

document that basically states that Movant sold 11.4 grams of cocaine base to an informant in exchange for $550 and that the police later retrieved another 11.5 grams of cocaine base on Movant's person. The Stipulation is signed by Movant and his counsel. Movant has offered no plausible and compelling circumstances that would overcome the strong presumption of the verity of his guilty plea. In light of these facts, Movant's counsel's failure to challenge the adequacy of the factual and legal basis for the plea was not objectively unreasonable.

Even assuming error by Movant's counsel, Movant fails to demonstrate that he is actually innocent of the crime for which he was convicted and that it is more likely than not that a jury would not have convicted him had there been a trial. The evidence in this case was simple, straightforward, and strong. Movant has made no plausible showing that it is more likely than not that he would have been acquitted by a jury. For all these reasons, the Court **OVERRULES** Movant's actual innocence objection.

To the extent that Movant is challenging relevant conduct to support his sentence, Movant challenged in his direct appeal the Court's determination that the cash found in Movant's hotel room was proceeds from his drug trafficking activities, which the Court converted to cocaine base equivalency in determining Movant's relevant conduct. The Fourth Circuit rejected Movant's contentions and, consequently, this issue may not be re-considered here.[2]

To the extent that Movant generally challenges the base offense and relevant conduct calculations, these issues were not raised in his direct appeal. Because, however, the actual innocence exception to procedurally defaulted sentencing claims in non-capital cases applies

---

[2] To the extent that it is suggested in the PF&R at page nine that the Court found its own sentence reasonable, the Court declines to adopt the PF&R. Reasonableness is an *appellate* standard of review for claims of sentencing error, *United States v. Moreland*, 437 F.3d 424,433 (4th Cir. 2006) (citing *United States v. Hughes*, 401 F.3d 540, 547 (4th Cir. 2005), and, therefore, the Court should not and did not declare its sentence reasonable.

exclusively to career and habitual offender types of sentencing claims, this Court may not entertain these particular assertions of alleged sentencing errors. *Mikalajunas*, 186 F.3d at 494–95. The Court **OVERRULES** this objection.

Movant also cites *In re: Hanserd*, 123 F.3d 922 (4th Cir. 1997) in support of his challenge to the voluntariness of his guilty plea. (ECF 150 at 2.) This is yet another issue that was addressed—and rejected by the Fourth Circuit—in his direct appeal[3] and may not be re-visited here. In any event, to the extent that Movant claims he did not understand the elements of the offense of conviction, this contention is plainly contradicted by his unequivocal responses to the Court's inquiries during Movant's guilty plea colloquy. During that guilty plea hearing the Court advised Movant of the elements of the offense and explained the meaning of pertinent terms. In response to the Court's question whether Movant understood everything the Court explained, Movant responded, "Yes, sir, I do." (ECF 68 at 22–24.) The Court **OVERRULES** this objection.

In his supplement to his objections, Movant reiterates his argument that his former counsel provided ineffective assistance of counsel by advising Movant to enter into the plea agreement with the United States. Movant claims that his counsel advised Movant to enter into a plea agreement without the benefit of a "full discovery package." (ECF 152 at 3.) He asserts that such advice was the "equivalent of blindly pleading guilty to other drug crimes." (*Id.*) But for his counsel's purported "gross misadvice" (*Id.* at 7), Movant asserts that he would not have pleaded guilty and would have proceeded to trial. He contends that there was "no benefit" to the

---

[3] Whether the guilty plea was knowing and voluntary is one factor in the analysis of a motion to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (articulating a six-factor analysis). When the Fourth Circuit upheld this Court's denial of the motion to withdraw the guilty plea, it implicitly found that the plea was knowing and voluntary. Movant offers little now to suggest otherwise.

plea agreement, reasoning that the statutory sentencing range under each of the two counts of the indictment was the same (*i.e.*, a term of imprisonment of not less than five years and not more than forty years) and if a jury convicted him, the Court would have made a relevant conduct determination at sentencing. (*Id.*) He concludes from all this that "the risk for going to trial was no greater than taking the plea" and that he suffered prejudice because a jury would have been required to find beyond a reasonable doubt sufficient drug quantities to trigger application of the minimum mandatory sentence of five years. (*Id.*) Prejudice also flowed, Movant argues, from entering into the plea agreement which contained a waiver of his right to appeal the Court's relevant conduct determination. (*Id.*at 8.)

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the two-prong test for determining whether the assistance of counsel was so deficient as to require reversal of a conviction. Under the first prong, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687-88. Under the second prong, a defendant must establish that the deficient performance of counsel prejudiced the defense to the extent that the defendant was deprived of a fair trial. When, as here, a defendant claims he has been denied effective assistance of counsel in his decision to plead guilty, the defendant must establish that the advice rendered fell below an objective standard of reasonableness and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In *Lockhart*, the Court explained that

> where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his

7

> recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Id.*

The Court rejects Movant's contention that his counsel provided constitutionally ineffective advice in recommending that Movant enter into the plea agreement because his counsel purportedly acted "without the benefit of a full discovery package." Movant has failed to establish that his counsel's performance fell below an objective standard of reasonableness. Contrary to Movant's uncorroborated *ipse dixit*, there is no evidence to support his assertion that Movant's counsel did not have a "full discovery package" regarding relevant conduct drug quantities at the time he recommended that Movant take the plea deal. The docket suggests that the United States made voluminous discovery materials available to Movant's counsel several months prior to entry of his guilty plea. *See United States v. Dismukes*, Criminal No. 2:09-cr-00214, (S.D.W. Va. filed April 27, 2010), (ECF 23, 25, 35, 41, 50). While the record does not prove that Movant's counsel actually reviewed these materials, Movant tenders no evidence that his counsel did not do so.

Also and importantly, during the guilty plea colloquy the Court asked Movant several questions regarding Movant's satisfaction with his counsel. More specifically, the Court asked Movant this question: "Has your attorney adequately represented you in this matter?" (ECF 68 at 31.) Movant responded, "Yes, sir." (*Id.* at 32.) The Court then asked, "Has your attorney left anything undone which you think should have been done?" (*Id.*) Movant responded, "No sir, he hasn't." (*Id.*) Additionally, the Court closely queried Movant on the stipulation of facts. Movant stated that he had read the stipulation of facts (which expressly stated that Movant's

relevant conduct was "at least 50 grams and less than 150 grams" (ECF 60 at 8)). (ECF 68 at 14.) The Court then asked Movant, "[d]o you agree with all the facts contained in the stipulation?" (*Id.*) Movant responded, "Yes, sir, I do." (*Id.*) As noted above, a defendant's "solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,'" *United States v. White*, 366 F.3d 291, 295 (quoting *Blackledge*, 431 U.S. at 74). Because a defendant's declarations carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 74. Movant fails to overcome the strong presumption that his statements to the Court were truthfully made.

The Court further observes that, as thoroughly analyzed by the magistrate judge, Movant has not shown any prejudice resulting from entering into the plea agreement.[4] The parties stipulated that the total relevant conduct was at least 50 grams but less than 150 grams of cocaine base. (ECF 60 at 8.) The presentence investigation report indicated that was a conservative amount of cocaine base. (ECF 121 at 6).) At sentencing, the Court rejected the parties' relevant conduct stipulation and determined the total amount of relevant conduct was 225.9 grams. Thus, it appears that Movant's counsel secured the Government's agreement to stipulate to relevant conduct that was significantly lower than what was supported by the evidence. Pleading guilty also avoided the possibility of consecutive statutory penalties. This is hardly the work of an ineffective defense attorney. The fact that the Court ultimately rejected the parties' relevant conduct stipulation does not alter this conclusion. Additionally, the Court granted Movant a

---

[4] Movant also cites *Alleyne v. United States*, __ U.S. __, __, 133 S. Ct. 2151, 2155 (2013) in support of his claim that he suffered legal prejudice by entering into his plea agreement. (*See* ECF 152 at 7.) This assertion is meritless because no count of conviction carried a minimum mandatory statutory minimum sentence (*see* ECF 120 at 1), and even if Movant had been sentenced to a mandatory minimum sentence, *Alleyne* had not been decided at the date of Movant's February 1, 2011, sentencing hearing and courts in the Fourth Circuit that have addressed the issue have determined that *Alleyne* is not retroactive on collateral review. *Huddleson v. United States*, Civil Action 3:13-cv-21672, 2014 WL 5500733 at 8 (S.D. W. Va. Oct. 30, 2014) (Chambers., C.J.).

three-level reduction for acceptance of responsibility—a significant sentencing reduction that almost certainly would not have been afforded had Movant challenged his factual guilt at a trial. While it is true that at sentencing the Court assessed a firearms enhancement and relevant conduct in an amount greater than that stipulated to by the parties, these determinations would still have been made had Defendant been convicted by a jury. Also, while Movant claims he suffered prejudice on account of the appeal waiver in his plea agreement, this contention, like his other assertions of prejudice, simply reflects Movant's misunderstanding of the legal prejudice standard. The pertinent prejudice inquiry is whether, had Movant's counsel reviewed the relevant conduct evidence, as Movant baldly claims he did not, would this review have led counsel to change his recommendation as to the plea and go to trial?

Even assuming that Movant's counsel did not review the relevant conduct evidence before advising Movant to plead guilty, any such hypothetical error would not have been prejudicial under *Strickland* and *Lockhart* where Movant has not persuasively demonstrated that counsel's pre-plea review of this evidence would have led counsel to change his recommendation as to the plea. The Government's case was simple and stout. The police officers caught Movant red-handed on tape in a controlled buy. It was eminently reasonable and appropriate for an attorney to recommend acceptance of a plea agreement under the facts of this case. Movant fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, Movant would not have pleaded guilty and would have insisted on going to trial.

In light of Movant's statements at the guilty plea, his unsupported assertion of error, and the lack of a showing of prejudice, the Court **OVERRULES** Movant's objection to the

magistrate's finding that Movant has not shown that his counsel provided ineffective assistance of counsel in connection with the guilty plea agreement and hearing.

Accordingly, the Court **OVERRULES** Movant's objections, **ADOPTS** the PF&R, **DENIES** Movant's Section 2255 motion, **DISMISSES** this case, and **DIRECTS** the Clerk to remove this case from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a), Movant may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 15, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE